## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD NOZIL** | : | **JURY TRIAL DEMANDED** |
| 3425 Helen Street | : | |
| Philadelphia, PA, | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| **PO THOMAS LICIARDELLO** | : | **CIVIL ACTION NO. 08-1588** |
| Badge No. 4383 | : | |
| Individually and | : | |
| in his official capacity as a | : | |
| Philadelphia Police Officer | : | **SECOND AMENDED COMPLAINT** |
| 1515 Arch Street | : | |
| Philadelphia, PA  19102 | : | |
| | : | |
| **PO HAROLD TOOMER, III** | : | |
| Badge No. 3724 | : | |
| Individually and | : | |
| in his official capacity as a | : | |
| Philadelphia Police Officer | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA  19102 | : | |
| | : | |
| **PO RICHARD ROE** | : | |
| Individually and | : | |
| in his official capacity as a | : | |
| Philadelphia Police Officer | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA  19102 | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA  19102, | : | |
| | : | |
| and | : | |

**SGT. FRANK GILLESPIE**                :
Badge No. 428                           :
Individually and                        :
in his official capacity as a           :
Philadelphia Police Officer             :
1515 Arch Street                        :
Philadelphia, PA  19102,                :
                    *Defendants*        :

## SECOND AMENDED COMPLAINT

## Jurisdiction

1.     This action is brought pursuant to 42 U.S.C. Section 1983 and Section

       1988, and Article IV, and the First, Fourth, Fifth and Fourteenth

       Amendments of the United States Constitution.  Jurisdiction is based

       upon 28 U.S.C. Sections 1331 and 1343 and the aforementioned

       statutory and Constitutional provisions.  Plaintiffs further invoke the

       supplemental jurisdiction of this Court to hear and decide claims arising

       under state law.

2.     This Amended Complaint is filed by consent, pursuant to F.R.Civ.P.

       15(a)(2).  Exhibit "A", attached.

## Parties

3.     Plaintiff, Reginald Nozil, is a resident of the Commonwealth of

       Pennsylvania, whose address is set forth in the caption.

4.    Defendant Thomas Liciardello was at all times rel evant hereto a Philadelphia Police Officer, whose address is above stated. He is being sued in both his individual and official capacities.

5.    Defendant Harold Toomer, III ("Toomer"), Badge No. 3724, was at all times relevant hereto a Philadelphia Police Officer, whose address is above stated.  He is being sued in both his individual and official capacities.

6.    Defendant Richard Roe was at all times relevant hereto a Philadelphia Police Officer, whose address is above stated. He is being sued in both his individual and official capacities.   Roe is a muscular African American male with short braids or dredlocks, approximately 6', approximately 200+ pounds, around 30 years old, with a 4-5 day growth beard, whose real name is unknown at this time.

7.    Defendant Frank Gillespie (hereinafter "Gillespie") was at all times relevant hereto a Philadelphia Police Sergeant, whose address is above stated.  He is being sued in both his individual and official capacities.

8.    Defendant City of Philadelphia, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs the individual

**2**

defendants.

9.    At all times relevant hereto, all defendants were acting within the course and scope of their employment and under color of state law.

10.   Defendants are jointly and severally liable for the injuries and damages suffered by plaintiffs, as are more fully set forth herein.

## FACTS

11.   On or about May 17, 2006, at about 5:30 p.m., Reginald Nozil was driving his vehicle in the 3400 Block of Helen Street, in Philadelphia, where he lives.

12.   Defendants Liciardello, Toomer and Roe, who were in an unmarked red mini-van, stopped plaintiff's vehicle, and pulled him from his vehicle, handcuffed him, searched him and his vehicle, and threw plaintiff in the back of the red mini-van, fracturing his arm.

13.   When plaintiff asked why he was being stopped, he was told to shut up and was subjected to threats, intimidation and physical abuse by Defendants Liciardello, Toomer and Roe.

14.   Defendants Liciardello, Toomer and Roe proceeded to search plaintiff's vehicle, disturbing and damaging his vehicle and possessions, while confining the injured plaintiff to the back of the mini-van.

**3**

15.   Defendants Liciardello, Toomer and Roe then strip searched plaintiff at the back of the van.

16.   Defendants Liciardello, Toomer and Roe interrogated, intimidated, verbally and physically abused plaintiff.

17.   After 15 - 20 minutes, plaintiff was released without being charged or transported to the hospital for his injuries.

18.   Plaintiff was treated for his injuries, including broken bones in his elbow at the Northeastern Hospital Emergency Room on May 17, 2006.

19.   While in the emergency room plaintiff was interviewed by Defendant Frank Gillespie.

20.   Plaintiff gave Defendant Gillespie information on the incident.

21.   Defendant Gillespie failed to prepare required reports regarding the incident or conduct a further investigation.

22.   The individual defendants each failed to protect plaintiff from the conduct of the other defendant officers.

23.   The acts of Defendants Liciardello, Toomer and Roe were committed without cautious regard or due care, and with such wanton and reckless disregard of the consequences as to show Defendants Liciardello, Toomer and Roe's conscious indifference to the danger of harm and

4

injury.

24.  The acts of the individual defendants were committed alone and in conspiracy with one another.

25.  The conduct of the individual defendants was intentional and without legal justification.

26.  At no time did plaintiff commit any offense against the laws of the Commonwealth of Pennsylvania, the United States or the City of Philadelphia.

27.  The conduct of the individual defendants was done in a menacing manner, designed to cause plaintiff fear, distress and embarrassment.

28.  The acts of the individual defendants were committed willfully, wantonly, maliciously, intentionally, outrageously, deliberately and by conduct so egregious as to shock the conscious.

29.  The acts and omissions of Defendants were committed without cautious regard or due care, and with such wanton and reckless disregard of the consequences as to show defendants' conscious indifference to the danger of harm and injury.

30.  The conduct of the individual defendants was without legal justification.

31.  The conduct of the individual defendants constituted willful misconduct

and criminal conduct.

32.  The individual defendants engaged in the aforesaid conduct for the purpose of violating plaintiff's constitutional rights by subjecting him to an unreasonable seizure, depriving him of liberty without due process of law, subjecting him to unreasonable force, unlawfully imprisoning him, denying him the right to privacy and denying him access to the courts.

33.  As a direct and proximate cause of Defendants' illegal and unconstitutional actions and inactions, plaintiff did and will suffer pain, fear, horror, chagrin, nightmares, anxiety, embarrassment, loss of liberty, confinement, loss of privacy and the loss of the enjoyment of life, all to his great detriment and loss.

34.  As a direct and proximate cause of Defendants' illegal and unconstitutional actions and inactions, plaintiff suffered physical injuries, including multiple fractures, dislocation, lacerations, bruises and contusions, all to his great detriment and loss.

35.  As a direct and proximate cause of Defendants' illegal and unconstitutional actions and inactions, plaintiff did and will suffer the costs of medical treatment, all to his great detriment and loss.

**6**

## FIRST CAUSE OF ACTION - CIVIL RIGHTS VIOLATIONS

### PLAINTIFF V.  DEFENDANTS LICIARDELLO, TOOMER AND ROE

36.   The allegations set forth in the preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

37.   The acts and omissions of Defendants Liciardello, Toomer and Roe, constituted violations of, and conspiracy to violate, plaintiff's constitutional rights.

38.   As a direct and proximate cause of the actions and omissions of Defendants Liciardello, Toomer and Roe, plaintiff was deprived of precious rights, privileges and immunities secured unto him by the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments thereof and 42 U.S.C. § 1983, and his right to be free from unreasonable seizure, false imprisonment, unreasonable force, to be secure in his person and property, to privacy, and to due process of law, as well as the Article IV Privileges and Immunities clause, the First Amendment, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses, and 42 U.S.C. § 1983, all to plaintiffs' great detriment and loss.

**7**

39.    Plaintiff is entitled to attorney's fees and costs under 42 U.S.C. §1988.

40.    Plaintiff is entitled to punitive damages for the outrageous, wanton, willful and reckless conduct of Defendants Liciardello, Toomer and Roe.

## SECOND CAUSE OF ACTION - CIVIL RIGHTS VIOLATIONS

### PLAINTIFF V. CITY OF PHILADELPHIA

41.    The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

42.    Defendant City of Philadelphia was and is deliberately indifferent to the need for, or had a policy, practice and custom of failing to provide, an adequate system of investigation, supervision and discipline where officers falsify or conceal information relating to seizures of and/or use of force against persons where no crimes are charged.

43.    The City of Philadelphia was and is deliberately indifferent to the need for more or different training, rules, regulations, and supervision relating to the monitoring of information provided by police officers regarding their seizures of and/or use of force against persons where no crimes are charged.

44.    Defendant City of Philadelphia was and is deliberately indifferent to the need for, or had a policy, practice and custom of failing to provide, an

**8**

adequate system of investigation, supervision and discipline where officers engage in improper seizures of and/or use of force against persons.

45.    The foregoing acts, omissions, systemic deficiencies, practices, customs and deliberate indifference constitute the policies, practices and customs of the City of Philadelphia have caused and continues to cause police officers of the City of Philadelphia, including the individual defendants, to violate the constitutional rights of citizens, including plaintiffs.

46.    The rights violations and injuries suffered by plaintiff were a foreseeable result of the policies, practices, customs and deliberate indifference of the City of Philadelphia.

47.    As a direct and proximate result of, or by virtue of an affirmative link or causal nexus thereto, the aforesaid acts, omissions, deliberate indifference, systemic deficiencies, policies, practices and customs of the City of Philadelphia, as more fully described above, defendant City of Philadelphia violated plaintiff's rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments thereof and 42 U.S.C. § 1983, and his right to be free

**9**

from unreasonable seizure, false imprisonment, unreasonable force, to be secure in his person and property, to privacy and to due process of law, as well as the Article IV Privileges and Immunities clause, the First Amendment, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses, and 42 U.S.C. § 1983, all to plaintiffs' great detriment and loss.

48. Plaintiff is entitled to attorney's fees and costs of prosecution of this suit pursuant to 42 U.S.C. §1988.

## THIRD CAUSE OF ACTION - ASSAULT & BATTERY

### PLAINTIFF v. DEFENDANTS LICIARDELLO, TOOMER AND ROE

49. The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

50. Defendants Liciardello, Toomer and Roe did place plaintiff in fear of imminent, unpermitted, unprivileged, offensive bodily contact and did, in fact, subject him to such bodily contact.

51. The acts of Defendants Liciardello, Toomer and Roe, as set forth above, constituted the torts of assault and battery, and the conspiracy to commit assault and battery, all to plaintiff's great detriment and loss.

**10**

## FOURTH CAUSE OF ACTION - *FALSE IMPRISONMENT*

### PLAINTIFF v. DEFENDANTS LICIARDELLO, TOOMER AND ROE

52. The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

53. Defendants Liciardello, Toomer and Roe imprisoned plaintiff without probable cause or other legal justification.

54. The acts of Defendants Liciardello, Toomer and Roe alleged in the preceding paragraphs, constitute the tort of false imprisonment, and conspiracy to falsely imprison, all to plaintiff's great detriment and loss.

## FIFTH CAUSE OF ACTION - *DENIAL OF ACCESS TO THE COURTS*

### PLAINTIFF v. LICIARDELLO, TOOMER, ROE AND GILLESPIE

55. The allegations set forth in preceding paragraphs, inclusive, are incorporated herein as though fully set forth.

56. Defendants Liciardello, Toomer and Roe, intentionally, and for the purpose of concealing their conduct and misconduct, as aforesaid, failed to prepare required reports or paperwork in connection with their stop, investigation, use of force and injury of plaintiff.

57. This failure to prepare reports or otherwise document the incident was shocking to the conscious, created a danger to plaintiff and prevented

11

plaintiff from pursuing his claims and remedies against Defendants Liciardello, Toomer and Roe, thereby denying him access to the Courts.

58.    Having undertaken the investigation of plaintiff's complaint and injuries, Defendant Gillespie's failure to investigate, prepare reports or otherwise document the incident was shocking to the conscious, created a danger to plaintiff and prevented plaintiff from pursuing his claims and remedies against Defendants Liciardello, Toomer and Roe, thereby denying him access to the Courts.

59.    Plaintiff and his counsel have expended significant time, money and effort in attempting to identify Liciardello, Toomer and Roe in order to pursue his remedies against them.

60.    The acts and omissions of Defendants Gillespie, Liciardello, Toomer and Roe, constituted violations of, and conspiracy to violate, plaintiff's constitutional rights.

61.    As a direct and proximate cause of the actions and omissions of Defendants Gillespie, Liciardello, Toomer and Roe, plaintiff was deprived of precious rights, privileges and immunities secured unto him by the laws and Constitution of the United States, in particular the Article IV Privileges and Immunities clause, the First Amendment, the

12

Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses, and 42 U.S.C. § 1983, all to plaintiffs' great detriment and loss.

62.    Plaintiff is entitled to attorney's fees and costs under 42 U.S.C. §1988.

63.    Plaintiff is entitled to punitive damages for the outrageous, wanton, willful and reckless conduct of Defendants Gillespie, Liciardello, Toomer and Roe.

**JURY DEMAND**

64.    Plaintiff demands a trial by jury as to each defendant and as to each cause of action.

**WHEREFORE**, plaintiff demands judgment against each defendant, jointly and severally, as to each count, along with costs, attorney's fees, interest, and such other and further relief as the Court may deem just and proper.

By: *POPPER & YATVIN*

/s/ ALY7563

Howard D. Popper,
    and with him
Alan L. Yatvin
230 South Broad Street, Suite 503
Philadelphia, PA 19102
(215)546-5700
Attorneys for Plaintiff

November 3, 2008

13

## <u>CERTIFICATE OF SERVICE</u>

I, Alan L. Yatvin, certify that I have caused to be delivered by Hand Delivery, a copy of the foregoing Second Amended Complaint to:

> Suzanne Reilly, Senior Attorney
> Law Department – Civil Rights Unit
> 1515 Arch Street
> Philadelphia, PA 19102-1595

/s/ ALY7563
Alan L. Yatvin

November 3, 2008

**14**

CIVIL RIGHTS UNIT    Fax:215-683-5397    Sep  9 2008  12:29    P.02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REGINALD NOZIL,
        Plaintiff           :

       v.                   :

PO THOMAS LICIARDELLO,     :     CIVIL ACTION NO. 08-1588
et al.,
        Defendants    :

## CONSENT TO FILE AN AMENDED COMPLAINT UNDER F.R.CIV.P. 15(a)(2) AND RELATION BACK OF AMENDMENTS UNDER F.R.CIV.P. 15(c)(1)(B) and (C)

Defendants, PO Thomas Liciardello, Sgt. Frank Gillespie and City of Philadelphia, by their undersigned counsel, do hereby consent to the filing of a second amended complaint by Plaintiff, Reginald Nozil, on or before November 3, 2008.  Undersigned counsel further agrees, on behalf of defendants, Police Officer Harold Toomer, III, and any City of Philadelphia employee who may be substituted as a defendant, that any such amendments, including substitution/addition of defendants, shall be deemed to satisfy the requirements of Federal Rule of Civil Procedure 15 (c)(1)(B) and (C) and will relate back to the date of the filing of the Amended Complaint on May 15, 2008.

Dated: **9-9-08**

                                 Suzanne Reilly,
                                 Senior Attorney
                                 City of Philadelphia Law Dept.
                                 1515 Arch Street, 14th Floor
                                 Philadelphia, PA 19102

                                 Attorney for Defendants Liciardello,
                                 Gillespie, and The City of Philadelphia,
                                 and for Harold Toomer, III



PLAINTIFF'S
EXHIBIT